IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ernest Eugens Pickett, #256410,<br><br>    Plaintiff,<br><br>v.<br><br>Mr. Marvin Brown; Mr. Scottie Thompson,<br>Hon Ms. E. Joiner, and Mr. Gary C. Lemel,<br><br>    Defendants. | Civil Action No. 4:13-496-RMG<br><br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge recommending that this Court dismiss Plaintiff's complaint without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915. (Dkt. No. 11). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging his arrest and subsequent conviction violated his rights under the United States Constitution. (Dkt. No. 1). Plaintiff is a state prisoner confined at the Manning Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, this matter was referred to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915A. On March 26, 2013, the Magistrate Judge issued an R&R recommending the Court dismiss Plaintiff's complaint without prejudice and without issuance and service of process. (Dkt. No. 11). Plaintiff then timely filed objections to the R&R. (Dkt. No. 14).

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g.*, *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

The Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore wholly adopts the R&R as the order of the Court. The Court agrees with the Magistrate Judge that Plaintiff has failed to plead facts sufficient to state a claim for conspiracy. Further, the Court agrees that any claim for damages based on Plaintiff's conviction, related state

court proceedings, and arrest are subject to summary dismissal pursuant *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff has not shown his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid . . . , or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

Plaintiff objects to the R&R by arguing that his complaint is directed toward his arrest, not his conviction. (Dkt. No. 14). However, the holding in *Heck* extends to complaints of illegal arrests because success of the claim would implicitly question the validity of the conviction. *Id.*; *Kelly v. Young*, C/A No. 8:09-2848-CMC-BHH, 2010 WL 117707, at *6 (D.S.C. Jan. 7, 2010).

## Conclusion

For the reasons set forth above, the Court agrees with and wholly adopts the R&R as the order of the Court. (Dkt. No. 11). Accordingly, the Court dismisses Plaintiff's complaint without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 16, 2013
Charleston, South Carolina